[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13151
Non-Argument Calendar

_____

D. C. Docket No. 07-00082-CV-FTM-34-SPC

MAXI-TAXI OF FLORIDA, INC.,
a Florida corporation,
AARON AIRPORT TRANSPORTATION, INC.,
VINCENT ANGIOLILLO,
d.b.a. Class Act Limousine,
PRESTIGE TRANSPORTATION, INC.,
LUXURY SEDAN SERVICE, LLC,
ARISTOCRAT LUXURY TRANSPORTATION, INC.,
ANGEL PEREZ,
d.b.a. Angel's Transportation,

Plaintiffs-Appellants,

versus

LEE COUNTY PORT AUTHORITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 8, 200)**

Before BIRCH, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellants ("Plaintiffs") appeal the district court's grant of summary judgment on their equal protection and tortious interference with business claims against Defendant-Appellee Lee County Port Authority ("LCPA"). We affirm.

## BACKGROUND

In August of 2006, LCPA promulgated a new rule that certain types of vehicles were no longer permitted to use the commercial lanes directly in front of the Southwest Florida International Airport ("Airport"). LCPA sent a letter alerting those concerned that "all courtesy permitted vehicles, except hotel shuttles, and occasional users will begin using the parking garage instead of dwelling in the commercial transportation plaza." The LCPA's rules define "courtesy permitted vehicle" as "any commercial ground transportation vehicle that is neither a demand vehicle nor a bus." Vehicles affected by this rule include permitted operators of limousines, vans, and business courtesy vehicles for hire by prearranged agreement between the operator and the customer and expressly exclude all types of buses, hotel shuttles, and any type of "walk up" or "on-demand" service provider, such as a taxicab service. On September 6, 2006, LCPA issued another letter explaining

2

that "pre-reserved operators desiring to meet and greet their customers in the terminal are required to park in the parking garage." LCPA reserved twenty-four parking spaces marked "limo only" on the second level of the pay parking garage and limousine and prearranged vehicle drivers were also permitted to park in the commercial holding lot near the terminal.

Plaintiffs are licensed providers of prearranged livery and limousine services who are within the class of "courtesy permitted vehicles" no longer allowed access to the commercial lanes under LCPA's rules and regulations. Plaintiffs, in their amended complaint, allege that the rule excluding them from the commercial lanes prevents them from competing for certain types of customers while allowing "other types of transportation providers to continue to serve customers in the same way they always had." Plaintiffs assert that these "rules and regulations [] place Plaintiffs into an arbitrary and unreasonable class" in violation of the state and federal constitutional guarantee of equal protection under the law. Plaintiffs' amended complaint also asserts a state tort claim against LCPA for "intentional[] disrupt[ion of] the relationship between Plaintiffs and their customers."

Following discovery, LCPA moved for summary judgment, asserting that Plaintiffs could not present evidence in support of their equal protection claim or their intentional disruption of business relationship claim. Plaintiffs responded.

As a threshold matter, the district court considered which of the three types of equal protection claims Plaintiffs were asserting: a challenge to a facially unequal rule, a challenge to the neutral administration of a facially neutral rule that has a disparate impact, or a challenge to the unequal administration of a facially neutral rule. After considering the allegations of the amended complaint and Plaintiffs' arguments in opposition to summary judgment, the district court found that Plaintiffs' claim challenged the fact that the new rule, on its face, impermissibly distinguished between "courtesy permitted vehicles, except hotel shuttles," and all other commercial vehicles, and that therefore Plaintiffs were asserting a facial challenge. Applying the appropriate standard for facial challenges, the district court found that LCPA's distinction between "courtesy permitted vehicles, except hotel shuttles" and "on-demand vehicles and buses" was a reasonable one rationally related to the legitimate government interest in safety and security such that the rule did not violate Plaintiffs' equal protection rights. The district court also found that Plaintiffs did not present evidence of a business relationship that was likely to have continued but for LCPA's new rule or any evidence that LCPA acted with the requisite intent to disrupt Plaintiffs' business relationships. Therefore, the district court found Plaintiffs had not established necessary elements of their intentional disruption to business relationship tort

4

claim.

On appeal, Plaintiffs assert that the district court erred in finding that they were making a facial challenge to the LCPA rule, rather than a challenge to the LCPA's unequal application of the rule. Plaintiffs argue that the district court therefore erred in applying the standard for a facial challenge to its analysis of the equal protection claim and that, under the correct "as applied" standard, summary judgment is inappropriate. Plaintiffs also argue that the district court erred by requiring them to present evidence in support of their claim that they lost business as a result of LCPA's rules where LCPA had offered only a general denial of their allegations.[1]

## STANDARD OF REVIEW

"We review the district court's grant of summary judgment de novo, applying the same legal standards that bound the district court, and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." Cruz v. Publix Super Markets, Inc., 428 F.3d 1379, 1382 (11th Cir. 2005) (citation and quotation omitted). Summary judgment is appropriate when "there is

---

[1] In the statement of the issues section of their appellate brief, Plaintiffs also assert that the "court below failed to follow Rule 52 of the Federal Rules of Civil Procedure by making findings fact inconsistent with the evidence presented." Plaintiffs do not, however, make any arguments in support of this assertion in the analysis section of their brief; therefore, this argument has been abandoned and we will not consider it. See Access Now, Inc. v. Southwest Airlines, Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (explaining that if an issue is not fully argued in the initial brief, evaluating its merits would be improper).

no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

## DISCUSSION

### (1)    Equal Protection: "Facial" or "As Applied" Challenge

We first address Plaintiffs' claim that the district court incorrectly interpreted their equal protection claim as a facial challenge, not an "as applied" challenge, to the LCPA rule. Plaintiffs assert that they alleged and showed through the depositions of LCPA's witnesses that they "were singled out and that the regulation was applied only to their 'courtesy permitted vehicles' and/or 'prearranged vehicles' and not to the others included in that class." Indeed, Plaintiffs go so far as to claim that "[e]very fact alleged by [Plaintiffs] and every argument propounded by them during the entire course of this case demonstrates with extreme clarity that the district court was completely in error" in interpreting their equal protection claim as a facial challenge to the rule rather than an "as applied" challenge.

We disagree. Plaintiffs, in their amended complaint, allege that "certain **rules and regulations** were imposed by [LCPA] preventing Plaintiffs from providing the same services to their customers as they had provided in the past and further preventing Plaintiffs from competing for certain types of customers" and

6

that these "**rules and regulations** [] allowed other types of transportation providers [] continue to serve customers in the same way they always had."  Plaintiffs' amended complaint further asserts that these "**rules and regulations** [] place Plaintiffs into an arbitrary and unreasonable class" in violation of the state and federal constitutional guarantee of equal protection under the law.  As such, Plaintiffs did not allege that LCPA unequally applied a facially neutral regulation; rather, they asserted that LCPA's rules and regulations, on their face, unreasonably placed Plaintiffs into a class which could not use the commercial lanes.  In their opposition to LCPA's motion for summary judgment, Plaintiffs asserted that all other types of commercial vehicles, "including [] shuttle busses (sic), courtesy vehicles from hotel and parking lot operators, large and small passenger buses, commercial tour vans and others,"[2] continued to use the commercial lanes after the rule at issue had been passed and that "only Plaintiff's vehicles were excluded by the new regulation."  Plaintiffs, however, did not allege or provide evidence showing that any of the other vehicles continuing to use the commercial lanes belonged to their class, that is, that these vehicles were other "courtesy permitted vehicles, except buses."  Plaintiffs did not argue, in either the amended complaint

---

[2] We note that all of the types of vehicles Plaintiffs allege continued to use the commercial lanes appear to be either hotel shuttles, on-demand vehicles, or buses; therefore, it is not apparent from Plaintiffs' allegations that any vehicles excluded under the rule continued to be allowed access to the commercial lanes.

or the response to LCPA's motion for summary judgment, that LCPA applied its own rules and regulations unequally to exclude Plaintiffs' vehicles while allowing other vehicles belonging to Plaintiffs' class to access the commercial lanes. Accordingly, we conclude that Plaintiffs, when they were before the district court, only challenged the rule itself and failed to argue or present evidence in support of an "as applied" challenge.

Plaintiffs' "as applied" argument, therefore, advances for the first time on appeal a different theory and argument than what was considered by the district court. This court has "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered." Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994) (citations omitted). Admittedly, our rule foreclosing review of issues not presented below is not jurisdictional and may be abrogated in certain exceptional circumstances.[3] See Dean Witter Reynolds, Inc. v. Fernandez, 741 F.2d 355, 360-61 (11th Cir. 1984). However, as we see it, Plaintiffs failed to raise an argument below and now seek to resurrect the abandoned argument by claiming the district court "misinterpreted" its claim.

---

[3]We have permitted issues to be raised for the first time on appeal under only five circumstances: (1) where the issue involves a "pure question of law" and the refusal to consider it would result in a miscarriage of justice; (2) where the appellant had no opportunity to raise it at the trial level; (3) where strict application of the rule would result in patently unjust results; (4) where the proper resolution is beyond doubt; and (5) where the issue presents significant question of general impact or great public concern. See Access Now, Inc., 385 F.3d at 1332.

Under these circumstances, no compelling reason justifies the abrogation of our general rule.

For the above reasons, we decline to consider Plaintiffs' "as applied" equal protection challenge to the LCPA rule. Plaintiffs raise no objection on appeal to the district court's grant of summary judgment on Plaintiffs' facial challenge to the rule. We therefore affirm the district court's decision on this issue without further discussion.

*(2)     Tortious Interference with an Advantageous Business Relationship*

Plaintiffs next assert that the district court erred in requiring them to "offer proof of the kind and nature that would normally be reserved for trial in order to defeat [LCPA's] motion for summary judgment." Plaintiffs contend that because LCPA did not introduce evidence refuting their assertions that (1) the LCPA rule caused them to lose customers who would otherwise have continued a business relationship and (2) LCPA acted intentionally to interfere with Plaintiffs' business relationships, it was error for the district court to require "strict proof" of these elements of the claim. Plaintiffs argue that LCPA's "mere denial" of their allegations "does not create a condition wherein a nonmovant must prove facts that support its allegations."

Plaintiffs misunderstand the summary judgment standard. It is well settled

9

that "after adequate time for discovery and upon motion, [summary judgment is appropriate] against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). Accordingly, in response to a motion for summary judgment, a nonmoving-plaintiff must present evidence in support of his allegations sufficient to raise a genuine issue of material fact regarding each element of his claim. As established in Celotex, it is not necessary for the party moving for summary judgment to introduce any evidence at all in order to prevail on his motion. Rather, in cases in which the nonmoving party will bear the burden of proof at trial, the movant can seek summary judgment by establishing that the opposing party has insufficient evidence to prevail as a matter of law, thereby forcing the opposing party to come forward with some evidence or risk having judgment entered against him. Id. Where the nonmoving party fails to present such evidence, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. Accordingly, once LCPA brought the motion for summary judgment, the district court correctly required Plaintiffs to "go beyond the pleadings, and by [their] own affidavits, or by depositions, answers to

10

interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffrey v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (internal citations and quotation marks omitted).

Upon review of the record in this case, we conclude that the district court correctly found Plaintiffs failed to present sufficient evidence in support of the required elements of a tortious interference claim. Under Florida law, the elements of a claim of tortious interference with an advantageous business relationship are: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the business relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla. 1985). Proof of the requisite intent is necessary as "[t]here is no such thing as a cause of action for interference which is only negligently or consequentially effected." Ethyl Corp. v. Balter, 386 So.2d 1220, 1223-24 (Fla. 3d DCA 1980).

In response to LCPA's motion for summary judgment, Plaintiffs failed to identify any record evidence suggesting that LCPA promulgated the rule at issue with the intention of interfering with Plaintiffs' business relationships. As discussed above, Plaintiffs cannot merely rely upon the unsupported allegations in

11

their complaint, but were required to submit some evidence or sworn statement in support of each element of their claims. The only evidence before the court regarding LCPA's intent is that provided by LCPA, which indicates that it promulgated the rule in order to address issues of Airport security, public safety, and traffic regulation. Because no evidence supports Plaintiffs' claim that LCPA acted intentionally to interfere with its specific business relationships, we conclude that LCPA is "entitled to a judgment as a matter of law" on Plaintiffs' tortious interference with business relationship claim.[4]

## CONCLUSION

Based on the foregoing, we conclude that the district court's grant of summary judgment to LCPA should be AFFIRMED.

---

[4] Because we conclude that summary judgment is merited due to Plaintiffs' failure to present evidence on this essential element of the claim, we decline to consider whether the district court erred in finding that Plaintiffs' also failed to present evidence of an on-going business relationship.