[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11261
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00106-CV-CAP-1

NOEL G. ROBERTS,

Petitioner-Appellant,

versus

WILLIAM TERRY,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 7, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Noel G. Roberts, a Georgia prisoner proceeding with counsel, appeals the district court's denial of his habeas petition, 28 U.S.C. § 2254. No reversible error has been shown; we affirm.

In 1999, Roberts received a life sentence after being convicted of armed robbery, kidnaping, and theft. His convictions were affirmed on direct appeal. See Roberts v. State, 570 S.E.2d 708 (Ga. Ct. App. 2002). Roberts filed a state habeas petition challenging his convictions and was denied relief after an evidentiary hearing. The Georgia Supreme Court denied Roberts a certificate of probable cause to appeal the denial of state habeas relief.

On 9 January 2007, Roberts filed this federal habeas petition. He argued, in pertinent part, that a conflict of interest existed between his first appointed public defender (William Traylor) and his second appointed public defender (John Ellis) and that the district court's failure to inquire into this conflict and to appoint someone from outside the public defenders' officer constituted a denial of the right to counsel. In part because of this supposed conflict, Roberts represented himself at trial and also claimed that his waiver of the right to counsel was not knowing and voluntary. The district court denied Roberts's claims and dismissed his petition: Roberts failed to show that the state habeas court's decision was contrary

2

to, or involved an unreasonable application of, Supreme Court precedent. We agree.

Our review of a final state habeas judgment is highly deferential to the state court under section 2254. Section 2254 provides expressly that "a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).[1] Unless a state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d), a federal court may grant no relief. See Crowe v. Hall, 490 F.3d 840, 844 (11th Cir. 2007).

On appeal, Roberts challenges the alleged conflict of interest between Traylor and Ellis. Here, the state court articulated the correct rule in determining when a conflict of interest rises to the level of a Sixth Amendment violation that requires reversal: whether an actual conflict of interest adversely affected the

---

[1]Here, Roberts put forth no "clear and convincing evidence" that the facts -- as articulated by the state court on direct appeal -- are incorrect. Thus, the state court's fact determinations are presumed correct.

3

lawyer's performance. See Mickens v. Taylor, 122 S.Ct. 1237 (2002). And the state court determined that Roberts's dissatisfaction with Traylor's pretrial performance created no actual conflict of interest on any issue that would be resolved by the jury. Roberts wished to raise an ineffective assistance of counsel claim against Traylor based on Traylor's advice to him about speaking to the state-appointed psychologist and about the presentation of his insanity defense. He believed that Ellis could not effectively cross-examine Traylor because they were colleagues. But Roberts put forth no evidence to show how Traylor's advice created an actual conflict that adversely affected Ellis's performance. The record indicated that Ellis was prepared to call the state psychologist at trial and to present an insanity defense. Therefore, the state court's resolution of this issue did not contravene Mickens or unreasonably apply it.

We also conclude that the state court committed no constitutional error in determining that Roberts knowingly and voluntarily waived his right to counsel. The state habeas court identified correctly Faretta v. California, 95 S.Ct. 2525 (1975), as the governing standard for whether a defendant knowingly waives his right to counsel. And the state habeas court applied reasonably this clearly established federal law to determine that Roberts was made aware of the dangers and disadvantages of self-representation. The state court reviewed with Roberts

4

the serious charges against him and the possibility of a life sentence without parole, explained that Ellis could serve in an advisory capacity, and expressed its opinion that it was in Roberts's best interests to have Ellis as his lawyer. Both during and after these warnings, Roberts stated that he wanted to proceed pro se. In addition, Roberts had experience with the criminal justice system, had attended some college, and demonstrated an understanding of the court system through the various motions he made at trial and his examination of witnesses. Thus, Roberts failed to meet his burden of establishing that his waiver was not competent and intelligent.[2] See Jones v. Walker, 540 F.3d 1277, 1292 (11th Cir.) (en banc), cert. denied, 129 S.Ct. 1670 (2009) (in a habeas case, the burden of proof is on the defendant to establish that he did not competently and intelligently waive his right to assistance of counsel).

Because Roberts has not shown that the state court's decision was an unreasonable application of clearly established federal law, he is unentitled to

---

[2] Roberts argues that he was forced to choose between having counsel with a conflict who refused to present an insanity defense or trying his case pro se. But, as noted, Roberts did not demonstrate an actual conflict and ample evidence in the record supports that Ellis was willing to present an insanity defense.

habeas relief.

AFFIRMED.[3]

---

[3]On appeal, Roberts also argues that he received ineffective assistance of counsel when he was advised not to speak openly with the state-appointed psychologist. But Roberts did not raise this claim in his section 2254 petition; and we will not consider a habeas claim raised for the first time on appeal. Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994). It is unclear why the district court granted a certificate of appealability on this claim, given that seemingly Roberts did not raise it and the district court never addressed it.