[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12941
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-21770-UU

RANDY SCRUGGS,

Petitioner-Appellant,

versus

KENNY ADKINSON,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 13, 2011)

Before BARKETT, MARTIN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Randy Scruggs, a pro se federal prisoner, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Scruggs argues (1) that he should have been brought into federal court while he was in state custody so that he could resolve his supervised release violation, and (2) that he should have received credit for time served while he was in pre-trial detention in state court. After a thorough review of the record and the parties' briefs, we affirm.

I.

Scruggs first argues that he should have been brought into federal court while he was in state custody so that he could resolve his supervised release violation. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), but "we nevertheless have required them to conform to procedural rules," Moton v. Cowart, --- F.3d ----, No. 09-11730, 2011 WL 310762, at *2 n.2 (11th Cir. Feb. 2, 2011). "[W]e have repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994) (quotation marks omitted).

2

In his § 2241 petition, Scruggs mentioned only once, in his statement of the procedural history, that he was not brought into federal court while he was in state custody. He did not make any argument based on that allegation in his petition, nor did he mention the allegation in his memorandum of law in support of the petition or in his objection to the magistrate judge's report and recommendation. On these facts, we conclude that Scruggs failed to raise this issue before the district court, and we will therefore not consider it for the first time in this appeal. See Smith v. Sec'y, Dep't of Corrs., 572 F.3d 1327, 1352 (11th Cir. 2009) (refusing to consider an argument advanced on appeal by a habeas petitioner under 28 U.S.C. § 2254 because the petitioner had not fairly presented the argument to the district court where the petitioner mentioned the argument in only one sentence in his 116-page petition and had not alluded to the argument at all in his 123-page memorandum of law in support of the petition).

## II.

Scruggs next argues that he should have received credit for time served while he was in pre-trial detention in state court. Section 3585(b) of Title 18 provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18

3

U.S.C. § 3585(b). The Supreme Court has explained that "§ 3585(b) does not authorize a district court to compute the credit at sentencing." United States v. Wilson, 503 U.S. 329, 334, 112 S. Ct. 1351, 1354 (1992). Instead, "[a]fter a district court sentences a federal offender, the Attorney General, through the [Bureau of Prisons ("BOP")], has the responsibility for administering the sentence," and must "make the determination [of any applicable credits] as an administrative matter when imprisoning the defendant." Id. at 335, 112 S. Ct. at 1355. "Federal regulations . . . afford[] prisoners administrative review of the computation of their credits, and prisoners [are] able to seek judicial review of these computations after exhausting their administrative remedies." Id. (citations omitted); see 28 C.F.R. § 542.10(a) ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement.").

Scruggs sought a prior custody credit for a period of approximately ten months during which he was in state custody following his arrest by state authorities and before his state court sentencing. The BOP did not give Scruggs a prior custody credit for this time period because it had already been credited towards Scruggs's state sentence. Scruggs argues that because he was in state custody during this time period as a result of a federal detainer he should be

4

"considered to be in State as well as federal . . . custody for all actual [and] legal purposes."

We review de novo a district court's interpretation and application of a statute. Dawson v. Scott, 50 F.3d 884, 886 (11th Cir. 1995). If the statute is administered by an agency and the "congressional purpose is clear, then [we] 'must give effect to the unambiguously expressed intent of Congress.'" Id. (quoting Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council, Inc., 467 U.S. 837, 842–43, 104 S. Ct. 2778, 2781 (1984)). But if "'the statute is silent or ambiguous with respect to the specific issue,' . . . a reviewing court . . . 'may not substitute its own construction of a statutory provision for a reasonable interpretation' by an administering agency." Id. at 886–87 (quoting Chevron, 467 U.S. at 843–44, 104 S. Ct. at 2782).

Both this Court and the Supreme Court have recognized that Congress's "actual purpose in altering [§ 3585's predecessor statute] was to make clear that a defendant could not receive a double credit for his detention time." Dawson, 50 F.3d at 888 n.4 (quotation marks omitted); see Wilson, 503 U.S. at 337, 112 S. Ct. at 1356. Before the district court, Scruggs asserted that his state court sentence was not "another sentence" within the meaning of § 3585(b), but he offered no argument and cited no authority to support this contention. But BOP Program

Statement No. 5880.28, Sentence Computation Manual (CCCA of 1984) (Sept. 20, 1999), indicates that the BOP has interpreted the phrase "another sentence" in § 3583(b) to include sentences imposed under state law.  See Reno v. Koray, 515 U.S. 50, 61, 115 S. Ct. 2021, 2027 (1995) ("BOP's internal agency guideline, which is akin to an interpretive rule that does not require notice and comment is still entitled to some deference . . . ." (citation and quotation marks omitted)).[1]  PS 5880.28 states in pertinent part that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed" or "as the result of any federal, state or foreign arrest which is not related to, yet occurred on or after the date of the federal offense . . . ; provided it has not been credited against another sentence," and that "credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign."  PS 5880.28, at 1-16, 1-17, 1-21.

---

[1]  While Koray only stated that "some deference" was owed, the opinion cited to and quoted from Chevron in support of its conclusion that deference was owed to the BOP's interpretation of § 3585(b) contained in PS 5880.28 so long as that interpretation is a "permissible construction of the statute."  Koray, 515 U.S. at 61, 115 S. Ct. at 2027.  As such, the analysis set forth in Chevron applies to this case.  See United States v. Mead Corp., 533 U.S. 218, 226–27, 121 S. Ct. 2164, 2171 (2001) (holding "that administrative implementation of a particular statutory provision qualifies for Chevron deference when it appears that Congress delegated authority to the agency generally to make  rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority").

Because the language of § 3585(b) is clear, we must give effect to the unambiguously expressed intent of Congress to prevent a defendant from receiving a prior custody credit for time that has been credited against another sentence.  See Dawson, 50 F.3d at 886.  The time Scruggs served during his state court pre-trial detention was credited towards his state sentence, and therefore cannot also be credited towards his federal sentence.  See United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) (holding that under § 3585(b), "a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence").  Moreover, even assuming *arguendo* that § 3585(b) is "silent or ambiguous" as to whether a state sentence qualifies as "another sentence," the BOP's construction of the statute is reasonable therefore entitled to deference.  See Dawson, 50 F.3d at 886–87.

For these reasons, we affirm the district court's denial of Scruggs's § 2241 petition.

**AFFIRMED.**