[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2011
JOHN LEY
CLERK

No. 10-15472
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cv-01327-JDW-MAP

DANA P. BRIGHAM,
PATRICIA BRIGHAM,

Plaintiffs-Appellants,

versus

MICHAEL J. SCHLESINGER,
MICHAEL L. COTZEN,
EDWARD BRIGHAM,
ROBIN FORBES,
ALLEN FORBES, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 12, 2011)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Dana and Patricia Brigham, pro se, appeal the district court's dismissal of their civil rights complaint for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine.[1]  The instant case arises out of litigation in the Florida state courts regarding the trust of EFP Brigham and his wife.  The judgment of the Florida Third Circuit Court of Appeal was adverse to Dana and Patricia Brigham and they now attempt to challenge elements of the Florida proceedings in federal court.

On appeal, the Brighams present two arguments for why the Rooker-Feldman doctrine does not apply:  (1) they argue that the Defendants defrauded the state appellate court; and (2) they argue that they did not have a reasonable opportunity to raise certain federal issues in state court.  They raise the fraud argument for the first time on appeal.  We have "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court."  Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994) (citation omitted).  Thus, the sole remaining issue on appeal is whether the

---

[1]     The doctrine is named after two cases: Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311 (1983).

Brighams had a reasonable opportunity to raise their federal claims in the Florida courts.

Because this appeal is of a dismissal for lack of subject matter jurisdiction, our review is de novo. See Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009). The Rooker-Feldman doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Id. at 1268 (citation omitted). The Supreme Court has explained that the Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22 (2005). The Rooker-Feldman doctrine does not apply to cases in which the plaintiff did not have a reasonable opportunity to raise federal claims in the state court proceedings. Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam).

We hold that the district court did not err in concluding that Rooker-Feldman barred the Brighams' complaint in this case. In this appeal, the Brigham's have simply offered no explanation for precisely which federal claims they were not able to argue at the state level and what the reasons for that inability

3

were.  The only vague mention in this regard is to fraud, which, as we stated above, was an argument not made before the district court and which will not be considered by this Court.  As the Brighams were state-court losers complaining of injuries from a state-court judgment and seeking district court review and rejection of that judgment, their claim is barred under the Rooker-Feldman doctrine and was properly dismissed for lack of jurisdiction by the district court.  See Exxon Mobil, 544 U.S. at 284, 125 S.Ct. at 1521-22.  Accordingly, we affirm.

**AFFIRMED.**[2]

---

[2]      Appellees' motion for sanctions is denied. However, Appellants' federal claims are clearly without merit, and further litigation thereof might subject Appellants to sanctions.