[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11803
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-01150-ODE

DAVID SHANYFELT,

                                                            Plaintiff - Appellant,

versus

WACHOVIA MORTGAGE FSB,
WELLS FARGO HOME MORTGAGE INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
MCCALLA RAYMER, LLC/MCCALLA RAYMER, ESQ.,

                                                            Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 25, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

David Shanyfelt appeals the dismissal with prejudice of his complaint against Wachovia Mortgage FSB, Wells Fargo Home Mortgage Inc., Mortgage Electronic Registration Systems, Inc., and McCalla Raymer LLC/McCalla Raymer, Esq. After Shanyfelt filed his complaint in a Georgia court, Wachovia removed the action to the district court. 28 U.S.C. § 1332. The district court <u>sua sponte</u> dismissed Shanyfelt's complaint after he failed to comply with an order to provide a more definite statement of his claims. Fed. R. Civ. P. 12(e). Shanyfelt argues, for the first time on appeal, that the district court should have <u>sua sponte</u> remanded the complaint to state court because Shanyfelt and McCalla Raymer are both citizens of Georgia. Shanyfelt also argues, for the first time, that the defendants committed fraud by submitting fraudulent documents to the district court and to the state courts. We affirm.

Wachovia, Wells Fargo, Mortgage Registration, and McCalla argue that Shanyfelt waived "all of [his] arguments" by failing to present them to the district court, but we disagree in part. Although we will not consider "'arguments not raised in the district court and raised for the first time in an appeal,'" <u>Access Now, Inc., v. Sw. Airlines Co.</u>, 385 F.3d 1324, 1331 (11th Cir. 2004) (quoting <u>Walker v. Jones</u>, 10 F.3d 1569, 1572 (11th Cir. 1994)), "[a] litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even

2

initially at the highest appellate instance," <u>Kontrick v. Ryan</u>, 540 U.S. 443, 455, 124 S. Ct. 906, 915 (2004). We decline to consider Shanyfelt's arguments about fraud, but we address his argument about subject-matter jurisdiction.

The district court had subject-matter jurisdiction to entertain Shanyfelt's complaint based on diversity of citizenship. A district court has diversity jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Although Shanyfelt argues that both he and McCalla Raymer are citizens of Georgia, Shanyfelt never served McCalla Raymer with a summons and complaint while the action was pending in the district court. <u>See</u> Fed. R. Civ. P. 4(m) (requiring service within 120 after complaint is filed). Wachovia mentioned that failure to serve McCalla Raymer in its notice of removal. <u>See</u> 28 U.S.C. § 1441(b) (allowing removal based on "parties in interest [who are] properly joined and served"). The district court was entitled to entertain Shanyfelt's complaint without regard to the citizenship of McCalla Raymer.

The dismissal of Shanyfelt's complaint is **AFFIRMED**.