[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13621
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 10, 2012
JOHN LEY
CLERK

D. C. Docket No. 9:09-cv-80610-DMM; 9:00-cr-08027-DMM-1

CHRISTIAN KERR,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 10, 2012)

Before TJOFLAT, EDMONDSON, and CARNES, Circuit Judges.

PER CURIAM:

Christian Kerr, a federal prisoner, appeals the district court's denial of his pro se 28 U.S.C. § 2255 motion to vacate his 160-month sentence. No reversible error has been shown; we affirm.

In 2001, Kerr pleaded guilty to bank robbery and was sentenced as a career offender based on his prior felony convictions for battery on a law enforcement officer and carrying a concealed firearm. He did not appeal his sentence. In his section 2255 motion, Kerr argued that he was "actually innocent" of his career-offender sentencing enhancement because -- based on the Supreme Court's decision in Begay v. United States, 128 S.Ct. 1581 (2008), and this Court's decision in United States v. Archer, 531 F.3d 1347 (11th Cir. 2008) -- carrying a concealed firearm no longer qualified as a "crime of violence" under U.S.S.G. § 4B1.1(a). The district court denied Kerr's motion but granted a certificate of appealability on "[w]hether a freestanding challenge to a career offender sentence imposed under U.S.S.G. § 4B1.1, brought pursuant to [Archer], states a cognizable claim on collateral review."

On appeal, Kerr reasserts that his enhanced sentence violates the sentencing guidelines in the light of Begay and Archer. Relying on the Supreme Court's recent decision in Johnson v. United States, 130 S.Ct. 1265 (2010), he also contends that his second predicate offense, battery on a law enforcement officer, is

no longer considered a "crime of violence." Because Kerr raises this argument for the first time on appeal, we will not consider it. See Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994).[*] Moreover, this argument is not cognizable for the reason we will discuss.

We review legal issues in section 2255 proceedings de novo. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). Because Kerr raises a non-constitutional issue that he failed to raise on direct appeal, section 2255 relief is available only if the error "(1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." See id. at 1232-33. "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Id. at 1233 n.14.

Kerr argues that he could not have challenged his career-offender status on direct appeal because there was no legal authority supporting his argument. But perceived futility in raising an issue on direct appeal does not constitute cause for not doing so. See Smith v. Murray, 106 S.Ct. 2661, 2666 (1986). Indeed, even though the decisions in Begay, Archer, and Johnson were unavailable when Kerr was sentenced in 2001, he could have argued on appeal that his career-offender

_____

[*] We will also not consider Kerr's alternate argument -- raised for the first time on appeal -- that he is entitled to relief pursuant to 28 U.S.C. § 2241. See Walker, 10 F.3d at 1572.

3

status was improper -- just as Begay, Archer, and Johnson did.  Because Kerr could have raised this claim on direct appeal but failed to do so, his claim is not cognizable now on collateral review under section 2255.

AFFIRMED.