[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13053
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-00762-AT

DAVID NATHAN THOMPSON,

Petitioner-Appellant,

versus

OFFICER EUBANKS,
Probation Officer - Georgia
Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 19, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

David Nathan Thompson, a Georgia probationer, appeals the district court's denial of his 28 U.S.C. § 2254 federal habeas petition challenging the banishment condition of his probation.  On appeal, Thompson makes the following arguments: (1) his banishment violates his federal constitutional right to travel as applied to him because it was not reasonably related to the rehabilitative scheme of his sentence; (2) his banishment constitutes cruel and unusual punishment because it separates him from parental support; and (3) his banishment violates a constitutionally-protected right, recognized by several other courts of appeals, against forced separation of a parent and an adult child where there is a special need for family support.  Upon review,[1] we reject Thompson's arguments and affirm the district court's denial of his petition.

## I.    RIGHT TO TRAVEL

On appeal, Thompson argues his banishment violates his constitutional right to travel insofar as it is not reasonably related to the rehabilitative scheme of his sentence.  Thompson did not raise this constitutional, as-applied challenge before the district court.  In his § 2254 petition, Thompson argued that his banishment bore no relationship to his rehabilitation and unreasonably precluded contact with

---

[1] Generally, we review *de novo* a district court's denial of a habeas petition under 28 U.S.C. § 2254, while its factual findings are reviewed for clear error.  *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998).  However, we have "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered."  *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (holding that an issue not raised in a 28 U.S.C. § 2254 petition would not be considered as an independent claim on appeal).

2

his family and psychiatrist, but Thompson premised this argument entirely on state law.  Thompson also argued in his § 2254 petition that his banishment *facially* violated his constitutional right to travel, but he did not tie his argument to the specifics of his rehabilitation.  Thompson's current argument recasts his state-law claim as a federal claim by incorporating right-to-travel language, but the essence of his argument is that his banishment is unconstitutional as applied to him because it is not reasonably related to his rehabilitation.  Thompson never raised this as-applied argument before the district court, and we therefore decline to consider it on appeal. *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994).

## II.    CRUEL & UNUSUAL PUNISHMENT

Under 28 U.S.C. § 2254, a federal court may not grant habeas relief on claims that were previously adjudicated in state court on the merits unless the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court holdings or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d)(1)-(2). Thompson argues the state court's denial of his cruel-and-unusual-punishment claim was contrary to the Supreme Court's decision in *Solem v. Helm*, 463 U.S. 277, 284 (1983).  However, Thompson's case is factually distinguishable from *Solem*, as *Solem* addressed whether the length of a term of imprisonment violated

3

the Eighth Amendment, not whether a probation condition does so.  *See id.* at 289.

Moreover, Thompson cites no authority supporting the proposition that banishment

as a condition of probation was cruel and unusual when ordered in lieu of a

possible 60-year maximum prison sentence.  Consequently, Thompson cannot

show that fair-minded jurists could not disagree on the correctness of the state

court's determination that his banishment was not cruel and unusual in violation of

the Eighth Amendment.  *See Borden v. Allen*, 646 F.3d 785, 817 (11th Cir. 2011),

*cert. denied*, 132 S. Ct. 1910 (2012).  Accordingly, his argument under the Eight

Amendment fails.

### III.    FORCED SEPARATION OF PARENT & CHILD

We do not address Thompson's claim that his banishment from the majority

of counties within Georgia violated his constitutionally-protected right not to be

separated from his parents because Thompson did not raise this argument before

the district court.  In its order adopting the magistrate judge's report and

recommendation and denying Thompson's § 2254 petition, the district court

expressed its concerns that Thompson's banishment may violate his constitutional

associational right against forced separation of a parent and a mentally disabled

adult child.  However, when considering this issue, the district court explicitly

noted that Thompson had not raised or exhausted this claim before the Georgia

Court of Appeals or raised the issue before the district court.  The district court's

4

assertion that the claim was not raised is correct, as the record reflects that Thompson raised no such claim and made no arguments as to this issue in his § 2254 petition, his memorandum of law in support of his § 2254 petition, or in his objections to the magistrate judge's report and recommendation. Therefore, this issue was not properly raised before the district court, and we decline to consider it for the first time on appeal. *See Walker*, 10 F.3d at 1572.

**AFFIRMED.**