[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12952
Non-Argument Calendar

_____

D.C. Docket No. 4:13-cv-00171-RH-CAS

KIM L. HARRIS,

Plaintiff-Appellant,

versus

TAYLOR COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 26, 2014)

Before MARCUS, WILLIAM PRYOR, and COX, Circuit Judges.

PER CURIAM:

Kim L. Harris, proceeding pro se, challenges on appeal the district court's

denial of her motion for a new trial in her civil lawsuit against the Taylor County

School District (School District).  On appeal, Harris argues that the district court should have granted her a new trial because, during jury selection, the African-American race of two members of the venire motivated the School District to strike them peremptorily.  We affirm.

## I.    FACTS

Harris sued the School District for retaliating against her in violation of 42 U.S.C. § 2000d because she reported racial discrimination.  The case proceeded to trial.  The venire consisted of 24 people, 5 of whom were African-American.  The district court excused two African-American members of the venire for cause.  The School District used one peremptory challenge—which, after objection, the district court granted—on a member of the venire with a brother facing a serious criminal charge, a charge far more serious than charges pending against relatives of unstruck members.  The School District used the other peremptory challenge—which, after objection, the district court granted—against a 19-year teacher for another school district.  The district court asked defense counsel point-blank whether he was using the strikes because of the members' race, and he said no, noting that he had used other strikes on white members, and that one black remained on the jury.

2

The district court overruled Harris's *Batson* challenges.[1] The district court noted that Harris had met her prima facie case by demonstrating that 4 of 5 African-Americans had been struck, but that the School District had articulated non-discriminatory reasons for the challenged strikes. The district court flatly articulated its judgment that the School District's reasons were not pretextual.

## II.    STANDARD OF REVIEW

While abuse of discretion generally is the standard applicable to determining whether a district court properly denied a motion for new trial, *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3 1299, 1312 (11th Cir. 2013), we will not disturb the factual underpinnings of a district court's *Batson* ruling absent clear error. *Central Alabama Fair Hous. Ctr. v. Lowder Realty*, 236 F.3d 629, 635 (11th Cir. 2000); *Barfield v. Orange Cy.*, 911 F.2d 644, 647 (11th Cir. 1990). The proponent has a heavy burden to prove that a trial court's abuse of discretion—that is, a clear error of judgment or application of an incorrect legal standard—warrants a new trial. *Alexander v. Fulton Cy.*, 207 F.3d 1303, 1326 (11th Cir. 2000).

## III.    ANALYSIS

*Batson* challenges to peremptory strikes based on allegations of discriminatory motivation are examined in three parts. *Rice v. Collins*, 546 U.S. 333, 338, 126 S. Ct. 969, 973-74, 163 L.Ed.2d 824 (2006). First, the objecting

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L.Ed.2d 69 (1986).

3

party must challenge the strike and put forward a *prima facie* case of discrimination. *Id.* Next, the party exercising the strike must present a legitimate, nondiscriminatory rationale for the strike. *Id.* This explanation need not be persuasive or even plausible, so long as it is not inherently discriminatory. *Id.* Finally, the court determines whether the objecting party has carried her burden of proving that the strikes were based on purposeful discrimination. *Id.* In making this determination, the court may evaluate the persuasiveness of the striking party's nondiscriminatory explanation for the strike. *Id.* We give deference to the district court's acceptance or rejection of an explanation because the district court is in the best position to judge an attorney's credibility and genuineness and to discern whether a race-neutral explanation is pretextual. *United States v. Walker*, 490 F.3d 1282, 1293-94 (11th Cir. 2007).

Upon review of the record and consideration of the parties' briefs, we affirm. The district court did not abuse its discretion in rejecting Harris's new trial motion based on her objections to the School District's peremptory strikes. The School District presented race-neutral explanations for its peremptory challenges, and Harris did not persuade the district court that these reasons were pretextual.

4

We conclude that the district court's findings were not clearly erroneous and, consequently, affirm its denial of Harris's new trial motion.[2]

**AFFIRMED.**

---

[2] We disregard Harris's argument, raised for the first time on appeal, that the School District's strikes were gender-motivated. *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994). We also disregard her one-paragraph argument at the end of her brief that she was not allowed to present two of her witnesses. Br. of Harris at 14. This, too, she raises for the first time on appeal.