**Andre WOODSON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 16-15274
Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

(July 5, 2017)

Andre Woodson, Pro Se

Wifredo A. Ferrer, Andrea G. Hoffman, Emily M. Smachetti, Michael Eric Thakur, U.S. Attorney's Office, Miami, FL, Brandy Brentari Galler, U.S. Attorney's Office, West Palm Beach, FL, for Respondent-Appellee

Before HULL, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Andre Woodson, a federal prisoner, appeals *pro se* the district court's order dismissing his 28 U.S.C. § 2255 motion to vacate as time-barred. On appeal, Woodson argues, in his pre-*Beckles*[1] brief, that the district court erred in finding that *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), does not apply to the Sentencing Guidelines's career-offender guideline, U.S.S.G. § 4B1.2(a), and that his § 2255 motion was timely filed pursuant to § 2255(f)(3). Woodson further argues that this Court should hold that his motion was timely based on the disposition of *Beckles* and the date of the Supreme Court's decision in *Mathis v. United States*, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016).

We review *de novo* the dismissal of a § 2255 motion as time-barred. *Outler v. United States*, 485 F.3d 1273, 1278 (11th Cir. 2007). We will not consider arguments raised for the first time on appeal. *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) ("[W]e have repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (quotations omitted)).

On October 28, 2013, after Woodson's guilty plea, the district court sentenced Woodson under the then-advisory Sentencing Guidelines. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for filing a § 2255 motion, which runs from the latest of four possible triggering dates, including "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In *Johnson*, the Supreme Court invalidated the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), holding that it was unconstitutionally vague because it created uncertainty about (1) how to evaluate the risks posed by the crime and (2) how much risk it takes to qualify as a violent felony. 135 S.Ct. at 2557-58. The Supreme Court has confirmed that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, — U.S. —, 136 S.Ct. 1257, 1264-65, 1268, 194 L.Ed.2d 387 (2016).

In *United States v. Matchett*, we rejected the argument that the virtually identical career-offender residual clause in § 4B1.2(a)(2) was unconstitutional as well, concluding that *Johnson*'s holding did not apply to the Sentencing Guidelines. 802 F.3d 1185, 1194-95 (11th Cir. 2015). In

---

1. *Beckles v. United States*, — U.S. —, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017).

*Beckles*, the Supreme Court recently affirmed that the advisory Sentencing Guidelines are not subject to the same vagueness challenge under the Due Process Clause as the ACCA, and, thus, the residual clause in § 4B1.2(a)(2) is not subject to vagueness challenges. *Beckles*, 137 S.Ct. at 897.

Because *Johnson* does not extend to the residual clause of the career-offender guideline, Woodson cannot rely on that case to render his § 2255 motion,[2] filed one year and five months after his conviction became final, as timely filed under § 2255(f)(3).

**AFFIRMED.**

---

2. Woodson's conviction became final on November 12, 2014, when the 90-day period to file a petition for a writ of certiorari expired. Woodson filed his § 2255 motion on April 22, 2016.