[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10585

Non-Argument Calendar

_____

MICHAEL XU,
DANIEL VAZ-POCAS,
Individually and on behalf of all others
similarly situated,

                                        Plaintiffs-Appellants,

*versus*

PORSCHE CARS NORTH AMERICA, INC.,
a Delaware corporation,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-00510-SEG

_____

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Michael Xu and Daniel Vaz-Pocas both purchased Porsche vehicles that they claim have a defect in the cooling system. They brought an action against Defendant-Appellee Porsche Cars North America, Inc. alleging various product-liability claims, including violations of California and New Jersey law. The district court granted summary judgment in favor of PCNA and the Porsche-owners appeal.[1]

On appeal, Plaintiff Xu argues that the district court erred by not applying the delayed-discovery rule to his California Unfair Competition Law and Consumer Legal Remedies Act claims. Plaintiff Vaz-Pocas argues that the district court erred by

---

[1] Xu and Vaz-Pocas also purport to appeal the district court's decision on PCNA's motion to dismiss, which was decided almost three years before the decision on summary judgment. We are not convinced, however, that they have standing to appeal that decision. This Circuit has held that "[o]nly a litigant who is aggrieved by the judgment or order may appeal." *Knight v. Alabama*, 14 F.3d 1534, 1556 (11th Cir. 1994) (quotation marks and citation omitted). Because the district court did not dismiss the claims that Xu and Vaz-Pocas now appeal, they are not parties "aggrieved" by the district court's decision on the motion to dismiss.

23-10585                Opinion of the Court                3

concluding that Porsche's New Car Limited Warranty is not unconscionable.  After careful review of the parties' arguments, we affirm the district court's entry of summary judgment.[2]

**I**

"This Court has 'repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.'" *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (quoting *Walker v. Jones,* 10 F.3d 1569, 1572 (11th Cir. 1994)).  The reasons for this are axiomatic: appellate courts review claims of judicial error in lower courts.  "If we were to regularly address questions—particularly fact-bound issues—that district[] court[s] never had a chance to examine, we would not only waste our resources, but also deviate from the essential nature, purpose, and competence of an appellate court." *Id.*

Thus, we have held that "if a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it." *In re Pan Am. World Airways, Inc., Maternity Leave Pracs. & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990).

---

[2] "We review a district court's decision on summary judgment *de novo* and apply the same legal standard used by the district court, drawing all inferences in the light most favorable to the non-moving party and recognizing that summary judgment is appropriate only where there are no genuine issues of material fact." *Smith v. Owens*, 848 F.3d 975, 978 (11th Cir. 2017).

Xu contends the district court applied the incorrect standard or inquiry to deny application of the delayed-discovery rule to his claims.  He argues that has properly preserved his discovery-rule arguments for appellate review (1) in the briefing on the motion to dismiss, a decision which he purports to appeal, and (2) in his briefing on the motion for summary judgment, a decision which he also appeals.[3]

Upon review of the record, we find that Xu did not preserve his delayed-discovery issue for appeal.  During briefing at the motion-to-dismiss stage, Xu did indeed argue the delayed-discovery rule applied to his claims.  The district court found that his claims did not satisfy that specific test, but still found his claims were *not* time-barred under another theory for tolling the statute of limitations.  The district court denied PCNA's motion to dismiss Xu's UCL and CLRA claims, but it specifically noted "that many of the threshold issues raised by Defendant's motion, including as to statutes of limitations and tolling, entail factually intensive matters that may ultimately, with the introduction of evidence at summary judgment, cut off Plaintiffs' claims at the pass," but found "these questions are for a later day."

---

[3] Xu also seems to suggest the issue is preserved from the district court's order granting summary judgment, which cited a case that references the delayed-discovery rule.  However, the district court cited this case for a purpose other than analyzing the delayed-discovery rule, and it is the party's obligation to preserve an issue for appeal, not the district court's.  *See Access Now*, 385 F.3d at 1331.

Unsurprisingly, at the summary judgment stage, PCNA argued that Xu's UCL and CLRA claims were time-barred. Despite the district court's warning in its decision on the motion to dismiss, in his arguments opposing summary judgment, Xu spent only one paragraph for each claim arguing that his claims were timely. And in doing so, he relied largely on the court's motion-to-dismiss decision—again, despite the court's warning that evidence may "cut off Plaintiffs' claims at the pass." At summary judgment, Xu relied wholly on a theory of fraudulent concealment to toll the statute of limitations on his claim and did not raise (except in passing) the delayed discovery rule.[4]

Addressing only the arguments before it at the summary judgment stage, the district court analyzed whether Xu's claims were tolled under a fraudulent-concealment theory and found they were not. Xu now argues that the standard the court applied in its delayed-discovery analysis in its decision on the motion to dismiss was incorrect. Although Xu had an opportunity to renew his delayed discovery argument at summary judgment—including an

---

[4] Xu mentioned the delayed-discovery rule only in a parenthetical when citing California caselaw to support his assertion that his CLRA claim was timely "because it was tolled by Porche's *fraudulent concealment*." This is not enough to preserve the issue for appeal. *See SEC v. Big Apple Consulting USA, Inc.*, 783 F.3d 786, 812 (11th Cir. 2015) (explaining that a litigant's "fleeting footnote explaining" an argument to the district court "in one sentence . . . is insufficient to properly assert a claim on appeal"); *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1240 n.8 (11th Cir. 2019) (finding an argument raised only as a "fleeting reference in a footnote" was "insufficient to preserve [the] argument for appeal").

argument that the court had applied the incorrect standard at the motion-to-dismiss stage—he failed to raise it for either his UCL or CRLA claim.  Therefore, we find that Xu did not preserve any issues regarding the application of the delayed-discovery rule for appeal.

## II

As explained above, "if a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it." *In re Pan Am.*, 905 F.2d at 1462.

Vaz-Pocas argues the district court erred by concluding that Porsche's New Car Limited Warranty is not unconscionable.  On appeal, Vaz-Pocas argues that the district court erred because "it failed to consider public policy implications under the facts" and thus "conducted the wrong analysis."  But in his briefing below, Vaz-Pocas never mentioned public policy or the four-factor test that he now says governs his claim.  Rather, Vaz-Pocas argued that—and the district court thus considered whether—the warranty was unconscionable because it was "so one-sided as to shock the court's conscience."  The district court also directly addressed the caselaw Vaz-Pocas cited in support of his argument suggesting that unconscionability of a limited warranty can be shown if a manufacturer knew of the latent defect and manipulated the warranty terms.  Concluding that Vaz-Pocas did not meet this standard and that the warranty terms did not shock the court's conscience, the

district court granted summary judgment in favor of PNCA. Given that the district court directly addressed the unconscionability arguments raised by Vaz-Pocas below, and that Vaz-Pocas never raised before the district court the public-policy analysis he now advances on appeal, we hold that Vaz-Pocas did not preserve this issue for appeal.

Moreover, even if Vaz-Pocas had raised this specific public-policy test below, we are not convinced that the court's conclusion would have been different. In its decision, the court examined the relevant factors that Vaz-Pocas now emphasizes—including the parties' respective bargaining power, the contract being one of adhesion, and PCNA's superior knowledge of the defect. Even so, the court concluded, in light of the entire record, that the warranty was not so one-sided as to shock the court's conscience. We are not convinced that framing as a public-policy analysis would have altered this conclusion.

## III

Also pending before us are two motions from PCNA—a motion to file a surreply and a motion for sanctions.

Because PCNA's surreply focuses on claims by Plaintiff Xu that we now find were not properly preserved for appeal, the motion to file a surreply is moot.

PCNA also filed a motion for sanctions requesting "just damages" because Xu's appeal is frivolous. "Rule 38 sanctions are appropriately imposed against appellants who raise 'clearly frivolous claims in the face of established law and clear facts.'" *Parker v.*

*Am. Traffic Sols., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016) (quoting *Farese v. Scherer*, 342 F.3d 1223, 1232 (11th Cir. 2003)). And our law is clear that "a claim is clearly frivolous if it is 'utterly devoid of merit.'" *Id.* (quoting *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393 (11th Cir. 1993)). While it is true that Xu failed to preserve his claims for appeal, not every losing argument—or unpreserved claim—is so "utterly devoid of merit" to warrant sanctions. We therefore decline to issue sanctions.

★    ★    ★

Because none of the issues presented by Plaintiffs-Appellants were properly preserved for appeal we **AFFIRM**. Defendant-Appellant's motion to file a surreply is **DENIED** as moot. Defendant-Appellant's motion for sanctions is **DENIED**.