[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12671
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cv-00307-JES-CM

TERRY LEE FREEZE,

Plaintiff-Appellant,

versus

DR. DONALD SAWYER,
DR. NICOLE KNOX,
EDGARDO J. GOMEZ,
GENNA MARX BRISSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 3, 2020)

Before WILSON, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Terry Freeze, a civilly committed detainee proceeding *pro se*, appeals the *sua sponte* dismissal of his 42 U.S.C. § 1983 action alleging violations of the Eighth and Fourteenth Amendments and the Universal Declaration of Human Rights ("UDHR"). After careful review, we affirm.

## I.

Freeze filed a *pro se* civil rights complaint against four employees at the Florida Civil Commitment Center ("FCCC"). He alleged that his integrated care plan ("ICP") included improper information about his past criminal charges. In particular, he objected to the following description of his criminal conduct:

> Records indicated that Mr. Freeze was accused of walking the 4-year-old female victim to his home, where he digitally penetrated the victim's vagina and rubbed h[is] penis on the victim's vagina. Report[s] also indicate that Mr. Freeze bit the victim's tongue, choked the victim until she lost consciousness, then slapped the victim to bring her back to consciousness.

Doc. 1 at 7.[1] Following FCCC procedures, Freeze submitted a grievance, stating that the information was protected by the Health Insurance Portability and Accountability Act ("HIPAA") and requesting that FCCC officials remove the

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

information from his ICP.  FCCC denied that grievance and later denied Freeze's

appeal.

In his complaint, Freeze alleged that FCCC employees—including facility

administrators and his therapist—violated his constitutional rights and the UDHR

by failing to remove the HIPAA-protected information from his ICP.  He argued

that the employees were deliberately indifferent and "deliberately decepti[ve]," in

violation of the Eighth and Fourteenth Amendments.  *Id.* at 6.  He also asserted

that the FCCC employees intentionally discriminated against and defamed him, in

violation of the UDHR.  In support of his complaint, he attached the challenged

portion of his ICP and his grievance forms.

The district court *sua sponte* dismissed Freeze's complaint under 28 U.S.C.

§ 1915(e)(2)(B)(ii).  The court noted that Freeze had attached his ICP and

grievances to the complaint.  Construing the complaint liberally, the court

concluded that Freeze could not maintain a § 1983 action.  The court concluded

that, to the extent that Freeze attempted to raise his claims under HIPAA, that law

did not provide a private cause of action.  Additionally, the court determined that

the UDHR did not supply a federal right enforceable under § 1983.  Therefore, the

court concluded that Freeze failed to state a claim upon which relief could be

granted and dismissed his complaint without prejudice.

3

This appeal followed.[2]

## II.

We review a district court's dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) *de novo*, applying the same standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6).  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

To avoid a Rule 12(b)(6) dismissal, a complaint "must contain sufficient factual matter . . . to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  In reviewing the complaint, we accept all factual allegations as true and construe them in the light most favorable to the plaintiff.  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012).  *Pro se* pleadings such as Freeze's are construed more liberally than those drafted by attorneys.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  We may affirm a dismissal "on any ground that finds support in the record."  *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

---

[2] After filing his notice of appeal, Freeze filed in the district court a "Motion for Relief from Judgment or Order and/or Motion for Reconsideration."  The court denied that motion as meritless.  To the extent that Freeze challenges that denial, we lack jurisdiction to consider it on appeal because he filed his notice of appeal before filing the motion, and he has not filed an amended notice of appeal.  *See Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521 (11th Cir. 1987) ("[A]n appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal.").

III.

On appeal, Freeze contends that the district court improperly dismissed his complaint for failure to state a claim.  He argues that his UDHR claims were enforceable under § 1983 and his Eighth and Fourteenth Amendment claims did not fail as a matter of law.

As to the alleged UDHR violations, Freeze failed to state a plausible claim for relief.  *See Iqbal*, 556 U.S. at 678.  Section 1983 provides a cause of action based on "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]"  42 U.S.C. § 1983.  Thus, in order to prevail in a § 1983 action, a plaintiff must show that he was deprived of a federal right.  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  However, the rights secured by the UDHR are not rights that are enforceable under federal law.  *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) ("[The UDHR] does not of its own force impose obligations as a matter of international law.").  Accordingly, Freeze could not state a § 1983 claim based on the alleged violations of the UDHR.

Additionally, Freeze failed to state a facially plausible claim that the FCCC employees violated his Fourteenth Amendment rights.[3]  To state a deliberate

---

[3] Because Freeze is civilly committed, we construe his Eighth Amendment deliberate indifference claim as a Fourteenth Amendment claim.  *See Dolihite v. Maughon*, 74 F.3d 1027, 1041 (11th Cir. 1996) (holding that the "actions of a mental health professional which would violate a prisoner's Eighth Amendment rights would also violate the due process rights of the involuntarily civilly committed.").

5

indifference claim, Freeze was required to allege that the defendants were deliberately indifferent to a substantial risk of harm. *See Purcell v. Toombs Cty.*, 400 F.3d 1313, 1319 (11th Cir. 2005) (explaining the elements of an Eighth Amendment deliberate indifference claim); *see also Dolihite v. Maughon*, 74 F.3d 1027, 1041 (11th Cir. 1996) (noting that "relevant case law in the Eighth Amendment context also . . . set[s] forth the contours of the due process rights of the civilly committed"). Construing the facts in the light most favorable to Freeze, his complaint did not plausibly allege that the defendants disregarded with deliberate indifference a substantial risk of serious harm. *See Purcell*, 400 F.3d at 1319. Specifically, it is unclear from the complaint how the continued possession by FCCC employees of his criminal information created a substantial risk of harm. We are not convinced that the mere existence of the information in his ICP, without more, created a risk of harm. And even if it did, there is nothing in the record to suggest that the FCCC employees were subjectively aware of such a risk. *See id*. at 1320 (stating that, to be deliberately indifferent, an official must be aware of the risk of harm). Thus, the court did not err by dismissing Freeze's complaint on this ground.

Next, to the extent that Freeze raised a Fourteenth Amendment right-to-privacy claim when he alleged that the criminal history information violated HIPAA, he failed to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.

6

The Fourteenth Amendment right to privacy protects a person's "interest in avoiding disclosure of certain personal matters." *Padgett v. Donald*, 401 F.3d 1273, 1280 (11th Cir. 2005). But it does not bar the disclosure of sensitive information to those who have a legitimate interest in the material. *Tosh v. Buddies Supermarkets, Inc.*, 482 F.2d 329, 332 (5th Cir. 1973).[4] In his complaint, Freeze appeared to take issue with the FCCC employees' mere possession of details regarding his past offense conduct. He did not allege that the challenged information was disclosed to anyone other than those employees. And he failed to allege that the FCCC employees—one of whom was his therapist—had no legitimate interest in the information. *Id.* Thus, Freeze failed to state a claim upon which relief could be granted, and the district court did not err by dismissing his complaint under §1915(e).

## IV.

In addition to challenging the district court's dismissal of his complaint, Freeze raises numerous arguments for the first time on appeal, including that: (1) the district court's dismissal was "fruit of the poisonous tree" and a direct result of his unlawful commitment; (2) by dismissing his complaint *sua sponte*, the court violated his due process rights; (3) the court was biased against him and, as such,

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted the case law of the former Fifth Circuit handed down before the close of business on September 30, 1981, as its governing body of precedent.

7

he is entitled to a change of venue; and (4) the court failed to consider the attachments to his complaint. Appellant's Amend. Br. at 11–12.

We reject each of these arguments. First, it is unclear how the fruit-of-the-poisonous-tree doctrine, which governs the suppression of evidence in criminal proceedings, applies to Freeze's civil rights case. *See, e.g.*, *United States v. Timmann*, 741 F.3d 1170, 1182 (11th Cir. 2013). Freeze has not pointed to any legal authority suggesting that a court's denial under § 1915(e) may implicate the fruit-of-the-poisonous-tree doctrine.

Second, the court's *sua sponte* dismissal did not violate Freeze's due process rights. Section 1915 permits a court to dismiss a complaint "at any time" if the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2), (e)(2)(B)(ii). Again, Freeze has cited no legal authority suggesting that the district court was not permitted to dismiss his complaint *sua sponte* after determining that it failed to state a claim.

Third, Freeze has pointed to no evidence suggesting that the court harbored any bias against him. Notably, he did not move to disqualify the judge in the district court. *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (holding that arguments raised for the first time on appeal that were not presented in the district court are deemed waived). We see nothing indicating that the court's adverse ruling constituted bias. *See Liteky v. United States*, 510 U.S. 540, 555

8

(1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias . . . motion."). Additionally, Freeze waived his venue challenge by failing to raise it in the district court. *See* Fed. R. Civ. P. 12(b)(3), (h)(1)(B); *see also Walker*, 10 F.3d at 1572.

Finally, Freeze's argument that the district court failed to consider the attachments to his complaint is belied by the record, which shows that the court considered the information in the ICP and the statements set forth in Freeze's grievance forms, but determined that the evidence did not support a claim under § 1983. Freeze has not pointed to any portion of his attachments that the court ignored. Accordingly, we reject this argument.

V.

For the reasons set forth above, we affirm.

**AFFIRMED.**