[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13465
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-21483-KMW

PETER M. VUJIN,

Plaintiff–Appellant,

versus

RUSSELL W. GALBUT, et. al.,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 4, 2020)

Before GRANT, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Peter M. Vujin, a *pro se* disbarred attorney, sued an array of defendants: the Florida Bar; Michael Higer, the president of the Florida Bar; Jennifer Falcone, an attorney for the Florida Bar; Mirador 1200 Condominium Association, Inc. ("Mirador"); Russell W. Galbut, owner of Mirador; Peyton Bolin, P.L. ("The Bolin Firm"), a Florida company; Ronald Wolff; the Honorable Monica Gordo, a state court judge; Eric Grabois; Eric J. Grabois, P.L. ("The Grabois Firm"); and John Doe, a state court bailiff. The District Court dismissed Vujin's second amended complaint ("SAC") with prejudice because it was a shotgun pleading and failed to state a viable claim. On appeal, we consider whether the District Court abused its discretion in dismissing Vujin's SAC with prejudice on shotgun pleading grounds. We hold that the District Court was within its discretion, and accordingly affirm.

I.

The allegations in Vujin's SAC are as follows. Defendants Galbut, Mirador, Grabois, the Grabois Firm, the Bolin Firm, and Wolff operated a scheme to defraud condominium owners. The object of the scheme was to create the appearance of debt owed by condominium residents to Mirador. The scheme was accomplished by making false entries into Mirador's corporate records.

On June 5, 2007, Vujin sued two corporate entities that he alleges are Galbut's "alter-egos"—Crescent Heights of America, Inc. ("Crescent Heights")

2

and 1200 West Realty, LLC ("West Realty"). Vujin obtained a stipulation-judgment for fraud against Crescent Heights and West Realty on August 4, 2008.

Shortly after Vujin sued Crescent Heights and West Realty, Galbut, Wolff, and Mirador began harassing and intimidating Vujin. Specifically, they broke into Vujin's residence, forced Vujin and his friend, Julio Gomez, to exit the residence at gunpoint, punched and struck Vujin, "infiltrated" Vujin's electronic communications, and falsely reported Vujin to the police on several occasions. Furthermore, John Doe, an unnamed state court bailiff, physically abused Vujin whenever he attempted to go to court. Vujin also claims that Galbut influenced the police department to ignore Vujin's complaints about Defendants' crimes. According to Vujin, all of these actions were taken at the direction of Galbut. Because of Defendants' intimidation tactics, Vujin was dissuaded from attending court and performing his duties as an attorney.

In July 2014, Grabois, the Grabois Firm, and the Bolin Firm reopened a previously dismissed case against Vujin in Florida state court. The lawsuit seeks the foreclosure of a lien held on Vujin's property, but Vujin says the lien has been extinguished by the foreclosure of a superior lienholder. According to Vujin, Defendants' purpose in reopening the case was to "racketeer" Vujin and "deny his Civil Rights."

In 2016, Wolff waited in his automobile at Vujin's home with the intent to ambush Vujin in retaliation for Vujin's legal victory over Mirador in a separate action. According to Vujin, Wolff was acting at the behest of Grabois.

Grabois and the Grabois Firm filed two Florida bar complaints against Vujin. Vujin alleges that the complaint was "frivolous, fraudulent" and calculated to intimidate Vujin from prosecuting his counterclaim in the previously mentioned lawsuit between Vujin and Mirador. The Florida Bar then initiated disciplinary proceedings against Vujin for the purpose of "silenc[ing]" Vujin and "destroy[ing]" his political opinions. In those disciplinary proceedings, Higer "enacted and acquiesced in a widespread, customary violation of civil rights of attorneys in disciplinary proceedings" by entering defaults without notice and a hearing.

Vujin alleges that his neighbor, Gunther Gould, shot and killed his wife and then himself because Defendants' fraud caused them to lose their property. Vujin began investigating the Goulds' deaths. In order to thwart Vujin's investigation, Vujin claims that Defendants "committed illegal overt acts," "crimes," and "torts." Specifically, John Doe physically attacked Vujin several times when Vujin attempted to attend the proceedings in his case against Mirador. The Florida Bar threatened and intimidated attorneys with the goal of preventing them from representing Vujin. Finally, Mirador filed a "false and malicious racketeering

complaint" against Vujin, which Grabois, the Grabois Firm, and the Bolin Firm facilitated. Vujin suffered "physical injury, severe emotional distress," and lost his Mirador condominium unit as a result of Defendants actions.

According to Vujin, Galbut is a state actor because "he entered into preliminary negotiations with the Chief Judge Soto . . . to build a new Miami-Dade Courthouse." Vujin claims that the other Defendants are state actors because they conspired with Galbut to violate Vujin's civil rights and "used the State of Florida to accomplish their goals."

## II.

On April 13, 2018, Vujin filed his initial complaint in the District Court. Defendants filed motions to dismiss under Rule 12(b)(6), and Vujin amended his complaint. The amended complaint ("FAC") alleged violations of four provisions of the U.S. Constitution,[1] five provisions of the Florida Constitution,[2] three federal statutes,[3] and thirteen Florida statutes.[4] Vujin's claims were spread across four separate counts.

---

[1] The First, Fifth, Sixth, and Eighth Amendments.

[2] Articles 1, 3, 4, 9, and 17 of the Florida Constitution.

[3] 42 U.S.C. §§ 1983, 1985, and 1986.

[4] Fla. Stat. §§ 775.30, 784.011, 784.03, 784.048, 810.02, 810.08, 812.014, 815.06, 837.02, 837.012, 837.05, 874.05, and Chapter 895 generally.

On September 20, 2018, following Defendants' motions to dismiss, the District Court dismissed the FAC without prejudice. According to the District Court, the FAC was an impermissible shotgun pleading and failed to state a claim. Specifically, the District Court found that the FAC was "rife with conclusory allegations and legal conclusions" and that it was "virtually impossible to know which allegations of fact are intended to support which claims for relief." The Court gave Vujin fifteen days to file an amended complaint, and warned him that his case would be dismissed with prejudice if he failed to cure the defects.

On October 6, 2018, Vujin filed his SAC, which is the operative complaint in this case. The SAC includes six counts: a claim for violations of his First Amendment right to free speech and to petition the government and damages against all Defendants, under 42 U.S.C. §§ 1983 and 1988 (Count One); a claim for violations of 42 U.S.C. §§ 1985, 1986, and 1988 against the Florida Bar, Higer, and Falcone (Count Two); a claim for violations of his Fifth Amendment right to a fair trial and Eighth Amendment right to be free from cruel and unusual punishment, under 42 U.S.C. §§ 1983, 1986, and 1988, against all Defendants (Count Three); a claim requesting an injunction against the Florida Bar, Galbut, Falcone, Higer, and John Doe, under 42 U.S.C. §§ 1983, 1986, and 1988 (Count Four); a claim titled "Damages Against All Defendants," under 42 U.S.C. §§ 1983, 1986, and 1988 (Count Five); and a claim alleging racketeering against Galbut,

Peyton Bolin, Grabois, the Grabois Firm, Wolff, and Mirador (Count Six).[5]  Each count incorporates the paragraphs in the complaint's facts section (paragraphs 1–27).

Soon after Vujin filed his SAC came another wave of motions to dismiss. On April 16, 2019, Vujin moved for leave to file a third amended complaint ("TAC").  Vujin attached a copy of his TAC to his motion.  Vujin's motion stated that "[t]he [TAC] maintains the counts and allegations against the same defendants from the original complaint, but accounts for the significant factual and procedural developments that have occurred since the original complaint was filed on Friday, April 13th, 2018."  It also explained that Vujin sought leave to file his TAC because "certain causes of action that have accrued . . . will expire, and thereby be forever barred by operation of Law, due to the Statute of Limitations."

On July 31, 2019, the District Court dismissed Vujin's SAC with prejudice. According to the Court, Vujin's SAC suffered from the same defects as his FAC: It failed to state a claim and was an impermissible shotgun pleading.  The District Court identified two specific defects.  First, the Court stated that "the factual allegations in the [SAC] are arranged both as to subject matter and time without discernable order or reason."  Second, the Court said the SAC's allegations were conclusory—essentially, that Vujin alleged facts without explaining how those

---

[5] Count Six is misstyled in Vujin's SAC as "Count Five."

facts supported his legal claims.  These defects, the Court concluded, made Vujin's SAC "confusing" and "confounding," "to the point that the Court often does not know which Defendant Vujin is describing and for what conduct."  Because Vujin failed to correct the pleading deficiencies identified by the Court in its order dismissing Vujin's FAC, the Court dismissed Vujin's SAC with prejudice.[6]

As to Vujin's proposed TAC, the Court said it suffered from the same defects and more.  Accordingly, the Court found that granting Vujin leave to amend would be futile.

Vujin appeals, arguing that the District Court abused its discretion in dismissing his SAC with prejudice.[7]  We reject Vujin's argument.

## III.

---

[6] In a footnote, the Court noted that three alternative grounds for dismissal existed.  First, the Court expressed doubt about Vujin's theory "that Galbut is a 'state actor' because he 'entered into preliminary negotiations with . . . Chief Judge Soto . . . to build a new Miami-Dade Courthouse.'"  Second, the Court noted that Vujin's claims "inevitably trigger intractable problems concerning litigation immunity."  Third, the Court noted that Vujin's claims implicated the *Colorado River* and *Rooker-Feldman* doctrines.

[7] Vujin also raise two other issues, but one he failed to preserve and the other is without merit.  First, Vujin argues that the District Court erred by not entering default against Galbut under Fed. R. Civ. P. 55(a) when Galbut allegedly missed an unidentified deadline.  Vujin failed to preserve this argument because he never requested an entry of default against Galbut in the lower court, and this Court will not consider an issue that is raised for the first time on appeal. *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994).  Second, Vujin argues that the District Court abused its discretion by not issuing a scheduling order.  We hold that the District Court was clearly within its discretion to rule on the motions to dismiss before issuing a scheduling order.  If the court granted the motions to dismiss, as it did, there would have been no reason to move forward with discovery, which is what a scheduling order contemplates.  In any case, Vujin has failed to plausibly allege that he was prejudiced by the District Court's decision not to issue a scheduling order before ruling on the motions to dismiss. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997).

8

When a district court dismisses a complaint on shotgun pleading grounds, we review that decision for abuse of discretion. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).

We hold *pro se* litigants to a less stringent pleading standard than litigants who are represented by counsel. *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). Where, however, the *pro se* litigant is a licensed attorney, we apply the ordinary pleading standard.[8] *Olivares v. Martin*, 555 F.2d 1194 n.1 (5th Cir. 1977).[9]

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity," Rule 10(b) also requires that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count . . . ." *Id.* These rules operate for the benefit of the litigants as well as the court. Complaints that comply with these rules allow the defendant to "discern what [the plaintiff] is claiming and frame a

---

[8] Vujin was a barred attorney at the time he filed his SAC, and therefore is not entitled to a liberal construction of his pleadings or briefs.

[9] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the creation of the Eleventh Circuit on September 30, 1981.

responsive pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)).  Compliant pleadings also allow the court to determine "which facts support which claims," "whether the plaintiff has stated any claims upon which relief can be granted," and whether evidence introduced at trial is relevant.  *Id.* (quoting *T.D.S.*, 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)).

We have called pleadings that fail to comply with Rules 8(a)(2) and 10(b) "shotgun pleadings."  Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules" because they are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked."  *Id.* (alterations adopted) (quoting *T.D.S.*, 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)).

The essence of a shotgun pleading is "that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. Of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  In an effort to categorize the precise defects that produce this fundamental problem, we have identified four rough types of shotgun pleadings. First: complaints that contain "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that

10

came before and the last count to be a combination of the entire complaint."

*Weiland*, 792 F.3d at 1321.  Second: complaints that are "replete with conclusory,

vague, and immaterial facts not obviously connected to any particular cause of

action."  *Id.* at 1322.  Third: complaints that do not separate "each cause of action

or claim for relief" into separate counts.  *Id.* at 1323.  Fourth: complaints that

"assert multiple claims against multiple defendants without specifying which of the

defendants are responsible for which acts or omissions, or which of the defendants

the claim is brought against."  *Id.*

Vujin's SAC is not a shotgun pleading of the first variety.  While each count

of the SAC incorporates the entire facts section (paragraphs 1–27), each count does

not adopt the allegations of all preceding counts.  We have held that this feature

alone does not make for a shotgun pleading.  *Weiland*, 792 F.3d at 1324.

Vujin's SAC is, however, a shotgun pleading of the second variety—it is

"replete with conclusory, vague, and immaterial facts not obviously connected to

any particular cause of action."  *Id.* at 1322.  Indeed, Vujin's SAC contains many

factual allegations that apparently concern only third parties with no obvious

connection to the litigation.  For instance, the SAC mentions a "stipulation-

judgment" that Vujin obtained against two entities, Crescent Heights and West

Realty, but the SAC fails to coherently explain what connection these entities have,

if any, to the litigation.  Similarly, the SAC appears to allege that the board of

11

directors of a third-party entity, Mirador Master Association, Inc., is illegally structured, without explaining how that entity or its board is relevant to the parties and the claims before the court. Finally, in connection with attorney disciplinary proceedings against Vujin, the SAC alleges that "Chief Judge Soto [] nominated Referee King who recommended [Vujin] disbarred, in order to prevent the Plaintiff from testifying at trial." But again, neither Chief Judge Soto nor Referee King are parties to the litigation, and the SAC does not explain how their actions are relevant.

The allegations in Vujin's SAC that actually pertain to Defendants often have no clear relation to the claims pled. For example, the SAC alleges that Galbut, Wolff, and Mirador "broke into" Vujin's residence, "broke the locks" to Vujin's residence, forcefully removed Vujin and his friend from Vujin's residence "by threat of a gun," "punched and struck" Vujin, "infiltrated" Vujin's electronic communications, and falsely reported Vujin to the police. The SAC also alleges that Galbut corruptly influenced the police department not to investigate the crimes that Vujin reported. It is impossible to know which causes of action, if any, these allegations pertain to because Vujin alleges them in the SAC's facts section, rather than within any particular count.

Furthermore, Vujin's SAC is replete with conclusory allegations. Count Two alleges that the Florida Bar, Higer, and Falcone, "representing the State of

Florida, and having knowledge of the violation of the Plaintiff's Civil rights, had a duty to prevent the violation of Plaintiff's civil rights, but instead enabled and acquiesced in the conspiracy to deprive the Plaintiff of his civil rights with the other Defendants, and breached the duty to stop the aforementioned violation, and thereby proximately caused damages to Plaintiff."  However, with the exception of Higer,[10] Vujin does not explain how the Defendants "enabled and acquiesced in the conspiracy," nor the particular civil rights that were violated.

Count Three is no better.  It alleges that Defendants "had a duty not to do so, but instead agreed to deny [Vujin] his First Amendment, substantive and procedural due process rights against the law, and actually denied the same, as alleged herein, even though they had a duty not to engage in such loathsome, and illegal conduct."  It also alleges that "said violations deprived [] [Vujin] of his 5th Amendment Right to a Fair Trial, and his 8th Amendment Right against Cruel and Unusual Punishment, as well as his other Civil Rights."  In an apparent effort to supply these legal conclusions with factual detail, Vujin incorporates the SAC's facts section at the beginning of each count.  But this does not suffice—to frame a

---

[10] As to Higer, the SAC alleges:

Defendant MICHAEL HIGER, representing the State of Florida, enacted and acquiesced in a widespread, customary violation of civil rights of attorneys in disciplinary proceedings, where defaults are entered as a matter of policy without a Notice of Hearing and a Hearing, as required by Law, and thereby actually denied the Plaintiff his First Amendment Free Speech Rights.

13

proper pleading, Vujin was required to couple particular facts with particular claims.

Worst of all is Vujin's RICO claim in Count Six. Vujin apparently alleges that Defendants violated all four of RICO's criminal provisions: 18 U.S.C. §§ 1962(a), (b), (c), and (d).[11] Once again, however, Vujin fails to identify the particular conduct comprising these violations. Instead, Vujin merely states that Defendants "operate an enterprise Scheme to Defraud," "have invested and acquired said business through criminal activity" and "criminal monies," "have received and accepted monies from their criminal activity," and have "receive[d]

---

[11] Section 1962(a):

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

Section 1962(b):

It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

Section 1962(c):

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Section 1962(d):

It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

14

the lucre through the operation of a pattern of criminal liability." Vujin also states

that various acts by Defendants are RICO predicate offenses ("striking" Vujin,

breaking the locks to his residence, "pushing" him, "extorting" him), but he fails to

connect those acts to any of the offenses enumerated in § 1961(1).[12]

Vujin's SAC is also a shotgun pleading of the third variety because each

count contains multiple causes of action. Count One alleges § 1983 violations of

Vujin's rights under the First Amendment, the Due Process Clause, and Vujin's

"Civil Rights" generally. Count One also appears to challenge the constitutionality

of a policy regarding default judgments in Florida Bar disciplinary proceedings.

Count Two reiterates a First Amendment violation already alleged in Count One,

and also asserts violations of § 1986.[13] Count Three alleges §§ 1983 and 1986

violations premised on the First Amendment, "substantive and procedural due

process," the Fifth Amendment, and the Eighth Amendment. Finally, Count Six

alleges four RICO violations as well as violations of Fla. Stat. § 817.15[14] and

---

[12] Section 1961(1) is an exclusive list of offenses that qualify as "racketeering activity."

[13] 42 U.S.C. § 1986 provides:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

[14] Section 817.15 provides:

Any officer, agent, clerk or servant of a business entity who makes a false entry in the books thereof, with intent to defraud, and any person whose duty it is to make

Chapter 817 generally.  By alleging that Defendants violated Chapter 817 in

general, Vujin is charging Defendants with a staggering array of civil and criminal

violations.[15]  Count Six also requests an injunction, declaratory relief, and damages

for various constitutional and statutory violations alleged throughout the

complaint.

To make matters worse, each count of Vujin's SAC incorporates the entire

facts section, which itself asserts numerous causes of action.  The facts section

---

in such books a record or entry of the transfer of stock, or of the issuing and
canceling of certificates thereof, or of the amount of stock issued by such business
entity, who omits to make a true record or entry thereof, with intent to defraud,
commits a felony of the third degree, punishable as provided in s. 775.082, s.
775.083, or s. 775.084.

[15] To name just a few: "obtaining property by false personation" (§ 817.02); using "false information to obtain a seaport security identification card" (§ 817.021); "procuring assignments of produce upon false representations" (§ 817.14); "unlawful use of insignia of American Legion" (§ 817.31); "false, deceptive, or misleading advertisement of live musical performances" (§ 817.4115); "obtaining groceries, retail poultry, dairy, bakery, and other retail products [with] intent to defraud" (§ 817.51); "[w]illfully [] defraud[ing] or attempt[ing] to defraud any lawfully administered urine test designed to detect the presence of chemical substances or controlled substances" (§ 817.565(1)(a)); "unlawful subleasing of a motor vehicle" (§ 817.5621); "misrepresentation of association with, or academic standing at, postsecondary educational institution" (§ 817.566).

alleges violations of Fla. Stat. §§ 817.15, 817.5,[16] 817.034,[17] and Chapters 817 and 718[18] generally; 18 U.S.C. § 96, the First and Eighth Amendments, the Due Process Clause, and Vujin's "civil rights" generally.  By incorporating these allegations at the beginning of each count, Vujin piles these claims on top of the ones already asserted in each respective count and multiplies the complaint's deficiencies.

Vujin's SAC is a quintessential shotgun pleading "in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  *Anderson*, 77 F.3d at 366.  When confronted with a complaint

---

[16] Section 817.5 provides:

> (1)    Whoever shall, willfully and with intent to defraud, obtain or attempt to obtain goods, products, merchandise, or services from any health care provider in this state, as defined in s. 641.19(14), including a person who, during a declared public health emergency as defined in s. 381.00315, willfully and with intent to defraud, claims that he or she has contracted a communicable disease, to obtain or attempt to obtain such goods, products, merchandise, or services or falsely reports that he or she has contracted a communicable disease to a law enforcement officer as defined in s. 943.10, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

> (2)    If any person gives to any health care provider in this state a false or fictitious name or a false or fictitious address or assigns to any health care provider the proceeds of any health maintenance contract or insurance contract, then knowing that such contract is no longer in force, is invalid, or is void for any reason, such action shall be prima facie evidence of the intent of such person to defraud the health care provider. However, this subsection does not apply to investigative actions taken by law enforcement officers for law enforcement purposes in the course of their official duties.

[17] Section 817.034 makes it a civil and criminal offense to "engage[] in a scheme to defraud and obtain[] property thereby."

[18] Chapter 718 establishes "procedures for the creation, sale, and operation of condominiums." § 718.102(2).

like Vujin's, defendants are not expected to frame a responsive pleading. *Id.*

Instead, they should move for a more definite statement under Rule 12(e).[19]  If the

defendants fail to so move, then the court should strike the complaint and order the

plaintiff to replead.  Either way, the effect is to compel the plaintiff to redraft his

complaint in compliance with Rule 10(b) so that the defendants and the district

court can "discern what the plaintiff is claiming." *Id.*

Where, as here, the order to replead comes from a Rule 12(b)(6) ruling

rather than a Rule 12(e) motion, the practical effect is the same: The plaintiff must

amend his complaint to comply with the district court's instructions.  If he fails to

do so, the district court is within its discretion to dismiss his case with prejudice.

*Vibe Micro*, 878 F.3d at 1296.  Because Vujin failed to cure the deficiencies that

the District Court identified when dismissing his FAC, the Court was within its

discretion to dismiss his SAC with prejudice.

IV.

For the foregoing reasons, we **AFFIRM** the District Court's decision to

dismiss Vujin's SAC with prejudice.

---

[19] Rule 12(e) states:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.