**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12034

Non-Argument Calendar

————————————

RICHARD MORRISON,

*Plaintiff-Appellant,*

*versus*

IRS, DEPARTMENT OF THE TREASURY - INTERNAL -
REVENUE SERVICES,
DEPARTMENT OF ADMINISTRATIVE - SERVICES OF
GEORGIA,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-00164-SEG

————————————

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Richard Morrison, a Georgia prisoner, filed a *pro se* complaint for a writ of mandamus under 28 U.S.C. § 1361 asking the district court to compel the Internal Revenue Service ("IRS") and the Georgia Department of Administrative Services ("DAS") to pay him $200 million that those agencies allegedly owed him. The district court dismissed the complaint without prejudice on two grounds: (1) the complaint was frivolous and failed to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1);[1] and (2) Morrison abused the judicial process by failing to disclose 12 prior federal lawsuits he had filed.[2] On appeal, Morrison generally argues that the district court's failure to entertain his underlying claim on the merits and hold a jury trial violated several of his constitutional rights.[3] He

---

[1] Pursuant to § 1915A, a court shall review, "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court shall dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See id.* § 1915A(b)(1).

[2] We have previously held that dismissal of an action without prejudice is proper where a *pro se* prisoner failed to disclose the existence of a prior lawsuit under penalty of perjury. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Here, Morrison only disclosed a single 2020 lawsuit and declared under penalty of perjury that the contents of his complaint were true and correct. As the magistrate judge noted, Morrison had 12 other prior federal lawsuits that he failed to disclose.

[3] Morrison also raises for the first time on appeal various constitutional violations he has allegedly suffered at two state prisons. Because those violations are raised for the first time on appeal and are unrelated to Morrison's underlying complaint or the decision on appeal, we do not address

24-12034                Opinion of the Court                3

does not discuss the district court's abuse of judicial process ruling. Because Morrison abandoned any challenge to the district court's abuse of judicial process determination by failing to raise the issue in his brief, we affirm.[4]

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotations omitted). Nevertheless, "[w]hile we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted); *see also Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (explaining that, although we liberally construe *pro se* pleadings, the Court will not "serve as *de facto* counsel for a party" or "rewrite an otherwise

these matters. *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (providing that "an issue not raised in the district court and raised for the first time in an appeal will not be considered by this Court" (quotations omitted)).

[4] Morrison has filed over 30 motions in this appeal. Nine remain pending. In these motions, Morrison generally maintains that he is entitled to the money he sought in his writ of mandamus complaint; he objects to prior rulings by this Court and the district court on various matters, accusing the courts of bias and discrimination and "h[i]ndering and violating the legal process"; he seeks a "prehearing conference" to discuss procedural and substantive matters in his case; he requests an order for "judicial enforcement of a money-judgement"; and he requests that we acknowledge certain unspecified contracts between him and the defendants and enter a default judgment against the defendants for failure to appear or otherwise defend the action, as well as "compound interest on the outstanding debts." All of Morrison's outstanding motions are DENIED.

deficient pleading in order to sustain an action" (quotations omitted)).  And "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (quotation omitted).

By failing to challenge the district court's determination that he abused the judicial process when he failed to fully disclose his litigation history, Morrison abandoned the issue.  *Timson*, 518 F.3d at 874.  Accordingly, we affirm on that ground.  *Sapuppo*, 739 F.3d at 680.

**AFFIRMED.**